UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
*In re*                                                         :
                                                                :
JACOM COMPUTER SERVICES, INC. and                               :
UNICAPITAL CORPORATION, *et al.*,                               :
                                                                :
        Debtor.          :
                                                                :
----------------------------------------------------------------x
                                                                :
STUART L. CAUFF,                                                :   05 Civ. 3147(RJH)
                                                                :
        Appellant,       :
                                                                :
      -against-                    :   **MEMORANDUM**
                                                                :   **OPINION AND ORDER**
JACOM COMPUTER SERVICES, INC. and                               :
UNICAPITAL CORPORATION, *et al.*,                               :
                                                                :
        Appellees.       :
                                                                :
----------------------------------------------------------------x

      Appellant here, Stuart Cauff, appeals February 9, 2005 and March 4, 2005 Orders entered by the bankruptcy court (Cornelius Blackshear, B.J.) in *In re Jacom Computer Services, Inc., UniCapital Cor et al.*, disallowing and affirming the disallowance of appellant's claim, respectively. For the reasons that follow, the orders are affirmed.

## BACKGROUND

      The following facts are taken from the record as designated on appeal. Appellant is a former officer and director of UniCapital, who, by the end of fall 2000, had resigned both positions. (Record Tab 2, Cauff Aff., 1-7; Record Tab 8, Unnumbered Exhibit, Sept. 23, 2004 Stipulation and Agreement of Settlement (the

"Settlement Agreement") at 7, 1(h).)[1]  Following the filing of several class action complaints, an amended consolidated class action complaint was filed in United States District Court for the Southern District of Florida in a matter entitled *In re UniCapital Corporation Securities Litigation, Case No. 00-2054-CIV-Highsmith*.  (Settlement Agreement at 1-2, ¶¶ A-C.)  In this securities litigation, UniCapital and its control persons, including appellant, were accused of securities fraud and other violations of the securities laws.  (*Id.*)

On December 11, 2000, UniCapital filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  (*Id.* at 3, ¶ E.)  Upon the initiation of the bankruptcy action, the Florida securities litigation was automatically stayed as to UniCapital.  (*Id.*)  By stipulation and order dated August 14, 2002, the stay was modified to allow the securities litigation to proceed against UniCapital.  (*Id.* at 3, ¶ G.)

On May 24, 2001, appellant filed a proof of claim in the bankruptcy action in the amount of $335,000, on the basis that he was allegedly owed certain commissions relating to work he had performed for UniCapital.  (Record Tab 1, Ex. D.)  In response, UniCapital filed its Third Omnibus Objection on December 18, 2001, seeking to reduce appellant's claim to zero.  (Record Tab 1 at 6, ¶ 14.)  Judge Blackshear issued an opinion on May 25, 2004, denying the motion to disallow appellant's claim on the grounds that an evidentiary hearing would be necessary to resolve questions of fact over what services appellant provided for UniCapital.  (Record Tab 5.)  On June 8, 2004, Judge Blackshear scheduled an evidentiary hearing for December 13, 2004. (UniCapital Supplemental Record Tab 10, Tr. 11.)

---

[1] The record on appeal has not been intelligently compiled or properly paginated. Citations are to numbered tabs and to identified documents located behind each tab.

On September 23, 2004, however, the parties to the securities litigation, including UniCapital and appellant, entered into the Settlement Agreement settling all claims subject to approval by the district court and entry of a final order and judgment. By the express terms of the agreement, the appellant released his pending claim against UniCapital in the bankruptcy action:

> NOW THEREFORE,…it is hereby STIPULATED AND AGREED, by and among the parties to the Stipulation, through their respective attorneys, subject to approval of the Court … in consideration of the benefits flowing hereto from the Settlement, that all Settled Claims (as described below) as against the Released Parties (as defined below) and all Settled Defendants' Claims and **Settled Defendants' Cross Claims** … **shall be compromised, settled, released and dismissed with prejudice**…

(Settlement Agreement at 5-6 (emphasis added).) The Settled Defendants' Cross Claims are defined in the agreement as

> any and all claims, debts, demands, rights, or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims, **that could have been asserted at any time in any forum by one or more of the Defendants against any one or more of the other Defendants** which arise out of, are based upon, or related in any way to the Action and/or to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in the Complaint and/or to the purchase, sale, or acquisition of shares of the common stock of UniCapital during the Class Period and/or to the operations of UniCapital, **including any claims filed against UniCapital in the Chapter 11 bankruptcy case**.

(*Id.* at 10 ¶ 1(s) (emphasis added).) The Honorable Shelby Highsmith, United States District Judge for the Southern District of Florida, preliminarily approved the Settlement Agreement in an order filed September 29, 2004. (Record Tab 8, Unnumbered Exhibit.)

On the basis of the release of the claim that appears in this agreement, the liquidating trustee for UniCapital brought a motion in the bankruptcy court on November 4, 2004, seeking a stay of the December 13, 2004 evidentiary hearing scheduled by Judge Blackshear until final approval of the settlement in the securities litigation. (Record Tab 8.) In an opposition to the stay request dated November 15, 2004, counsel for appellant explained his lack of awareness of the release in the Settlement Agreement until very recently; separate counsel, Steven Silverman, had apparently negotiated the agreement on appellant's behalf. The opposition papers also quoted a letter dated that same day from Mr. Silverman to UniCapital counsel, advising that there was never an intent to release appellant's bankruptcy claims, and indicating that if the motion to stay was not withdrawn, Mr. Silverman would "file appropriate papers in the class action and bring this inappropriate use of the [settlement] to the [Florida district court's] attention and request that the settlement be reformed in connection with the intent of the parties and to specifically exclude any release of the claims asserted by Mr. Cauff in the bankruptcy proceedings."[2] (Record Tab 9, at 3.) By order dated November 18, 2004, Judge Blackshear granted the liquidating trustee's motion and imposed a stay to and including February 9, 2005. (Record Tab 11.)

---

[2] By letter to Mr. Silverman dated November 17, 2004, counsel for UniCapital asserted that not only did the agreement explicitly release appellant's bankruptcy claims, but that e-mail correspondence during the negotiation process reflects the parties' contemplation of this release. UniCapital counsel appended to this letter e-mail correspondence on which Mr. Silverman was copied, including a September 22, 2004 e-mail that specifically noted that the definition "Settled Defendants' Cross-Claims" should include "any claims filed against UniCapital in the Chapter 11 bankruptcy case." (Record 15, Unnumbered Exhibit to Ex. 2.)

4

On January 12, 2005, appellant filed a "Limited Objection of Stuart Cauff to Stipulation and Agreement of Settlement" (the "Limited Objection") in the securities litigation, arguing that he did not intend to release his bankruptcy claims and that his counsel did not have authority to do so. (Record Tab 19, Ex. D at 1.) Appellant contended, therefore, that there was a unilateral mistake of fact that warranted reformation or rescission of the Stipulation. (*Id.* at 6-8.) However, appellant and the liquidating trustee thereafter entered into a Stipulation (the "Stipulation") withdrawing the Limited Objection which Judge Highsmith so ordered on January 26, 2005. (Record Tab 19, Ex. F.) The Stipulation provided, in relevant part:

> After review of Cauff's Limited Objection … Cauff and UniCapital agree that Cauff's Limited Objection is withdrawn and may be dismissed for lack of standing and that the Stipulation and Agreement of Settlement filed in this action on September 24, 2004 should be approved as submitted to this Court. This Stipulation [the instant Stipulation] … and any order and final judgment entered in this case are without prejudice to Cauff and to UniCapital raising in UniCapital's bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of New York, Chapter 11, Case No. 00-42719 (CEB) and in Cauff's claims pending therein the positions set forth by Cauff in Cauff's Limited Objection and by UniCapital in UniCapital's Response to Limited Objection.

(*Id.*)

Pursuant to Federal Rule of Civil Procedure 23, a fairness hearing was conducted on January 26, 2005, and the Florida district court's final order and judgment was filed on January 27, 2005. The order enjoins defendants (including Cauff) from asserting at any time in any forum any and all claims against other defendants "including any claims filed against UniCapital in the Chapter 11 bankruptcy case." All such claims are released and discharged "on the merits and with prejudice." (Record Tab 8, Unnumbered Exhibit.)

On February 7, 2005, appellant brought his motion to lift Judge Blackshear's November 18, 2004 stay order and to establish the date for the adjourned evidentiary hearing on his bankruptcy-related claims. (Record Tab 12.) As part of his motion, appellant submitted an affidavit dated February 7, 2005. (Record Tab 14.) In this affidavit, appellant indicated that, while Mr. Silverman signed the Settlement Agreement on his behalf, appellant subsequently learned that, in the final days leading up to the execution of the agreement, "additional language had been inserted in paragraph 1(s) which purported to release my pre and post-petition claims in this proceeding. I never saw a draft of that document before it was signed by my attorney. I did not authorize my attorney to sign the Settlement, and if I had known the language was added releasing my claims in the bankruptcy proceeding, I would in fact have forbidden Mr. Silverman to execute the Settlement." (Record Tab 14 (Cauff Aff. ¶¶ 6-8).)

Following oral argument on the issue on February 9, 2005 (Record Tab 20), Judge Blackshear issued an order "that pursuant to the Settlement Agreement, Cauff compromised, settled, released and dismissed with prejudice any claims filed against UniCapital in the above-captioned Chapter 11 proceeding" (Record Tab 22). A motion for reconsideration was subsequently denied, and this appeal followed.

**STANDARD OF REVIEW**

When reviewing a decision of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*. Fed. R. Bankr. P. 8013; *In re DeTrano*, 326 F.3d 319, 321 (2d Cir.

2003); *Specialty Malls of Tampa, Inc. v. Riverbank Landscape, Ltd*., 2004 WL 1620887, at *2 (S.D.N.Y. July 19, 2004). In this case the Bankruptcy Court undertook a determination of the meaning and effects of (1) the Settlement Agreement entered in the securities litigation, (2) the Stipulation whereby Cauff withdrew his objections to the terms of the settlement and (3) the final order and judgment of the Florida District Court approving the class action settlement. The Settlement Agreement and the Stipulation constitute contracts among the parties thereto; in the absence of ambiguity, the interpretation of a contract is a question of law for the court. *See Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 515 (2d Cir. 2001) (applying New York law and noting that the "interpretation of an unambiguous contract … is … a question of law reserved for the court."); *In re Duplan Cor*, 212 F.3d 144, 151 (2d Cir. 2000) ("The Bankruptcy Court's interpretation of the text of the Plan, the Confirmation Order, and the Final Decree are conclusions of law reviewed *de novo*."); *Bellefonte Reinsurance Co. v. Aetna Casualty & Surety Co.*, 903 F.2d 910, 912 (2d Cir. 1990) ("The proper standard for appellate review of a pure textual construction … is *de novo*."). Likewise, the binding effect of a judgment in a related action raises purely legal issues. *See*, *e.g*, *Berger v. Heckler*, 771 F.2d 1556, 1567-68 (2d Cir. 1985) (noting that final judgments entered by consent are "hybrid in the sense that they are at once both contracts and orders … they are construed largely as contracts, but are enforced as orders … The construction of a consent decree is an issue of law freely reviewable by this court.") (internal citations omitted); *In re Peck*, 155 B.R. 301, 309 (Bkrtcy. D. Conn. 1993) ("The weight of authority supports [the] conclusion [that a] court-ordered stipulation [like a] a consent decree … retain[s] the attributes of a contract for the purpose of

7

construction, and assume[s] the attributes of an order for the purpose of enforcement."); *In re Garcia*, 313 B.R. 307, 310 (9th Cir. B.A.P. 2004) (in reviewing a Nevada bankruptcy court's finding that a default judgment in a California bankruptcy case did not have preclusive effect, noting that "[w]e review *de novo* the preclusive effect of a judgment; the issue presents a mixed question of law and fact in which the legal questions predominate"). Accordingly, this Court will review Judge Blackshear's decision *de novo*.

## DISCUSSION

Appellant concedes, as he must, that the Settlement Agreement explicitly released his claims against UniCapital in the bankruptcy proceedings. He contends, however, that his counsel's execution of the agreement was not authorized, that he did not intend to release his bankruptcy claims, and that the agreement should be reformed to vitiate the release. At a minimum, appellant contends that he was entitled to an evidentiary hearing to establish a "unilateral mistake" warranting equitable relief from the terms of the Agreement. (Appellant's Supp. Mem. 12-13.) Appellant further argues that the Bankruptcy Court had jurisdiction to grant such relief because the parties stipulated that the settlement of the securities action was "without prejudice" to appellant raising these issues in the bankruptcy proceedings. (Appellant's Reply Mem. at 5.)

Appellant overlooks the fact that the release he seeks to void is embodied not only in the Settlement Agreement but also in a final order and judgment subsequently entered by the Florida District Court. As noted, that order enjoins appellant from

asserting claims against UniCapital in the bankruptcy proceedings and discharges those claims "on the merits and with prejudice." (Record Tab 8, Unnumbered Exhibit.) Thus the relief sought in the bankruptcy proceedings would necessarily require modification, under Federal Rule of Civil Procedure 60, of a judgment entered in a district court. This Court is aware of no authority—and appellant cites none—giving bankruptcy courts the power to grant such relief. Even if the Stipulation executed prior to the entry of judgment could be read as an attempt to create or delegate such jurisdiction, it would be wholly ineffective. Federal bankruptcy courts are courts of limited jurisdiction and have no powers beyond those created by Congress consistent with Article III of the Constitution. *See*, *e.g.*, *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 77 n.29 (1982) (Congress has the power to create adjuncts to Article III courts, such as the bankruptcy courts, and assign them "limited adjudicatory functions," so long as "the essential attributes of the judicial power" are retained in the Article III courts); *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 96 (2d Cir. 2005) ("After a plurality of the Supreme Court [in *Northern Pipeline*] struck down expansive jurisdiction for bankruptcy judges under the Bankruptcy Act of 1978, Congress reshaped the jurisdictional relationship between the district courts and the bankruptcy courts … by making the bankruptcy courts delegated adjuncts of the district court."). Lest there be any doubt as to the proper forum, the final order expressly provides that the district court retained "exclusive jurisdiction . . . over the parties … for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement" of the class action settlement. (*Id.* at ¶¶ 5, 23.) *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381 (1994) (federal courts may expressly retain jurisdiction

over parties' obligation to comply with the terms of a settlement agreement by making retention of jurisdiction part of the order of dismissal).

Appellant's remedy, therefore, was to seek modification of, or appeal from the judgment entered in the securities litigation. As Judge Blackshear properly noted at oral argument in response to argument that the Stipulation somehow "punted" Cauff's defense to the release to the bankruptcy court for consideration, the bankruptcy court in this matter may not "overturn the District Court, it takes the 11th Circuit to do that." (Record Tab 20 (Tr. at 9-8).) Of course, fairly read, the Stipulation relied on by appellant does not even purport to transfer to the bankruptcy court jurisdiction over the validity of the release incorporated in the district court's judgment. At best, the Stipulation merely provides that appellant may raise this issue in the bankruptcy proceedings, which he has done. Finally, any ambiguity over the import of the contested Stipulation should be resolved in favor of enforcing the explicit terms of the final order and judgment which places exclusive jurisdiction over the interpretation of the Settlement Agreement with the Florida district court. This Court finds no error in Judge Blackshear's decision to give full effect to the Florida judgment.

Assuming, *arguendo*, that the bankruptcy court could have or should have entertained appellant's claim of unilateral mistake, an evidentiary hearing was not required. Appellant was not seeking rescission of the Settlement Agreement but reformation to nullify the release of claims provided for therein. However, under Florida law an agreement will not be reformed "absent clear and convincing proof of fraud or inequitable conduct on the other side." *Robinson v. Wright*, 425 So.2d 589 (Fla. Dist. Ct. App. 1983); *see also Smith v. Royal Automotive Group, Inc.*, 675 So.2d

144, 154 (Fla. Dist. Ct. App. 1996) (as a "safeguard of the defendant," the party seeking reformation bears the "burden of proving the intent of parties and, by clear and convincing evidence, demonstrating some ground for reformation such as mutual mistake or unilateral mistake coupled with inequitable conduct [on the part of the opposing party]"). Appellant does not allege such conduct by Unicapital but relies instead on the negligence or oversight of his own counsel. Accordingly, appellant's claim is insufficient as a matter of law.

For the foregoing reasons, the orders of the bankruptcy court are affirmed. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
July 31, 2006

Richard J. Holwell
United States District Judge